# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN KING, | : | MOTION TO VACATE |
| BOP ID 61151-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:18-CV-881-ODE-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:09-CR-337-3-ODE-CMS |

## FINAL REPORT AND RECOMMENDATION

Federal inmate Kevin King has submitted a *pro se* motion captioned "§ 2255 / Ineffective Assistance."  *See* [223].  In his § 2255 motion, King alleges that his attorney provided ineffective assistance through "failure to object to the indictment," resulting in a violation of the double jeopardy clause and an unconstitutional sentence.  *See id.* at 1-3.  King further contends that this Court improperly calculated the sentencing range for his offenses.  *See id.* at 4.

Federal law provides that a one-year limitation period applies to King's motion, running from the latest to occur of four specified events.  *See* 28 U.S.C. § 2255(f).  Here, as in most cases, the relevant event is "the date on which the judgment of conviction bec[ame] final."  *Id.* at (1).

The United States Court of Appeals for the Eleventh Circuit affirmed King's convictions and sentence in this case on October 5, 2011, *see* [208], so judgment against him became final on January 3, 2012, when his time to file a petition for a writ of certiorari expired, *see Clay v. United States*, 537 U.S. 522, 524 (2003); S. Ct. R. 13.1.

Therefore, King was required to file his § 2255 motion no later than January 3, 2013, and, because he waited until late February 2018 to do so, *see* [223] at 5 (undated filing, postmarked Feb. 22, 2018), his motion is clearly untimely.

Accordingly, I **RECOMMEND** that this case be **SUMMARILY DISMISSED**. *See* 28 U.S.C. foll. § 2255, Rule 4(b) ("If it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.")

I **FURTHER RECOMMEND** that a Certificate of Appealability be **DENIED** because King does not meet the requisite standards. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED AND DIRECTED**, this 1st day of March, 2018.

*Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE